**UNITED STATES of America**

v.

**Manuel PALMA–RODRIGUEZ.**

Nos. 88–336–CR–T–99C, 92–672–CIV–T22C.

United States District Court,
M.D. Florida,
Tampa Division.

April 21, 1993.

Jeffrey Downing, Asst. U.S. Atty., for U.S.

George E. Tragos, Clearwater, FL, Dennis Urbano, Coral Gables, FL, for defendant.

### *ORDER*

SCHLESINGER, District Judge.

This cause is before the Court on Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence of a Person in Federal Custody (Doc. No. 559, filed May 21, 1992).

On March 15, 1993, the United States Magistrate Judge submitted a Report and Recommendation (Doc. No. 603). The Magistrate Judge recommended that the Motion be denied. No objections to the findings and recommendation of the Magistrate Judge were filed.

Upon consideration of the Report and Recommendation, and upon conducting an inde-

pendent *de novo* review of the entire record in this matter, the Court adopts and confirms the Magistrate Judge's findings.

Accordingly, it is **ORDERED AND ADJUDGED** that the Magistrate Judge's Report and Recommendation is **ADOPTED,** and it is specifically incorporated into this order. The Motion (Doc. No. 559) is hereby **DENIED.**

### REPORT AND RECOMMENDATION

JENKINS, United States Magistrate Judge.

THIS CAUSE comes on for consideration of a Motion to Vacate filed by Manuel Palma–Rodriguez, a federal prisoner, pursuant to Title 28, United States Code, Section 2255.[1] Defendant is now represented by retained counsel in this action.

Defendant was convicted on or about July 26, 1989, following trial, of conspiracy to import 5 kilograms or more of cocaine (2 counts) and conspiracy to distribute 5 kilograms or more of cocaine and was sentenced to a total term of imprisonment of seventeen (17) years. He was acquitted on substantive cocaine charges. His conviction was affirmed on appeal. *United States v. Gutierrez,* 931 F.2d 1482, 1493 (11th Cir.1991).

The motion presents one ground for relief: ineffective assistance of trial counsel. Defendant alleges that Dennis Urbano, Esquire, his retained trial counsel: (1) frustrated defendant's defense by discouraging him, over his insistence, from testifying in his own behalf; (2) failed to demonstrate to the court that the confidential informant's testimony would likely be exculpatory or would likely be impeached so as to cast doubt as to the reliability of the government's case; and (3) misconstrued the facts and law of the case which denied defendant the right to establish a valid entrapment defense. An evidentiary hearing has been held on the first aspect of defendant's Sixth Amendment claim.

The standard applied in determining the effectiveness of counsel for Sixth Amendment purposes is whether, based on the totality of the circumstances and the entire record, the assistance rendered was reasonably effective. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Furthermore, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance of counsel. Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068.

■ A. Defendant contends that his attorney should have "encouraged [him] to take the stand to clarify blatant misstatements rather than placing him in a posture of merely acquiescing during the presentment of the Government's case." Defendant states that he was never advised of his constitutional right to testify in his defense and that he alone could waive that right. (Supplement to Motion to Vacate).

■ The right to testify in one's behalf at a criminal trial is a fundamental and personal right which cannot be waived by defense counsel or the court. *See United States v. Teague,* 953 F.2d 1525, 1532 (11th Cir.) (*en banc* ), *cert. denied,* —— U.S. ——, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992). In *Teague,* the Eleventh Circuit held that it is defense counsel's responsibility to advise the defendant of this right and the strategic implications and "that the appropriate vehicle for claims that the defendant's right to testify was violated by defense counsel is a claim of ineffective assistance [under *Strickland* ]." *Id.* at 1534.

The *Teague* court further stated that an attorney's performance would be deficient under the first prong of the *Strickland* test if counsel refused to accept the defendant's decision to testify and would not call him to the stand or, alternatively, if defense counsel never informed the defendant of the right to testify and that the ultimate decision belonged to the defendant. *Ibid.* Applying this test, the appellate court affirmed the conviction and rejected the ineffective assistance of counsel claim because the trial court, after an evidentiary hearing, found that

---

1. This matter has been referred to the undersigned by the District Judge for consideration and a Report and Recommendation. *See* Local Rules 6.01(b) and 6.01(c), M.D.Fla.

counsel had advised the defendant of his right to testify, had advised him that he should not exercise that right and the defendant did not protest. *Teague,* 953 F.2d at 1535.[2]

This aspect of petitioner's ineffective assistance of counsel claim was addressed at an evidentiary hearing on January 28, 1993.

Dennis Urbano, an experienced criminal defense attorney, was retained by defendant after he was arrested on the indictment. (T 22–23) Mr. Urbano had represented defendant on one other occasion involving cocaine charges for which defendant was arrested in New York. (T 18; 24)

Defendant was detained pending trial. Counsel met with him prior to trial on approximately six different occasions. (T 26) Mr. Urbano reviewed the evidence obtained during discovery and discussed possible defenses with his client. Counsel's practice is to discuss with each client the different stages of a criminal case from arrest through trial, including the decision whether to testify. (T 26–29) Although Mr. Urbano has no specific recollection of explicitly advising Manuel Palma–Rodriguez that the ultimate decision to testify at trial was the defendant's choice, they had several discussions concerning whether the defendant should take the stand.

Mr. Urbano conducted a mock cross-examination, posing several questions which the prosecutor could be expected to ask. (T 39) He advised the defendant that the "similar act" evidence concerning the New York arrest which counsel had successfully moved to exclude in the Government's case-in-chief would likely be brought out on cross-examination. (T 30) His client's demeanor was discussed; Mr. Urbano told his client that his client's nervous or emotional manner would be a negative factor if he testified. (T 16–17; 30)

Counsel discussed his client's possible testimony with him on several occasions. After the Government concluded its case-in-chief, he consulted the defendant again. (T 21)

The defendant never advised Mr. Urbano that he wanted to testify. (T 9; 16–17; 31; 38) He agreed with counsel's recommendation that it was not in his best interest to do so. The preponderance of credible evidence indicates that defendant was fully aware, as a result of his discussions with counsel, that it was ultimately his decision whether to testify or not and that he agreed with counsel that it was not in his best interest to do so. Petitioner's Sixth Amendment claim under *Teague* should therefore be rejected under the first prong of the *Strickland* test. *See Teague,* 953 F.2d at 1535 (where defense counsel clearly had advised defendant that it would be unwise and unnecessary for him to testify and counsel believed that the defendant had assented or acceded to her recommendation, counsel's performance was not constitutionally deficient).

The Government has also argued that the trial court explicitly advised co-defendants Palacio and Roque of their rights to testify or not testify at trial and that it is unrealistic to assume that defendant Manuel Palma–Rodriguez was unaware of his Fifth Amendment rights. The trial transcript shows that these two co-defendants, at the request of their counsel, were asked by the trial court whether their attorneys had explained that they had a right to testify or not testify in their defense. (R14 104–108; R16 41–43) Defendant's counsel, Mr. Urbano, made no similar request but announced that the defense rested, immediately after the trial court concluded its remarks to co-defendant Roque. (R16 43) However, at the evidentiary hearing on January 28, 1993, counsel for the parties, and Mr. Urbano, were unable to recall whether the court's remarks to co-defendants Palacio and Roque occurred in open court or at sidebar. (T 41–42) Therefore, the Government's reliance on the court's advice to the co-defendants is not persuasive.

■ B. Defendant also states that counsel was ineffective in failing to convince the court that the confidential informant's testi-

---

**2.** While recognizing that Sixth Amendment claims are generally considered only in collateral review, the *Teague* Court found it could resolve the claim because the district court held an evi-

dentiary hearing on defendant's motion for new trial and heard testimony from defense counsel and the defendant. *Teague,* 953 F.2d 1534 n. 11.

mony would likely be exculpatory or of impeachment value.

The role of the confidential informant in the Government's undercover investigation, as well as the court's pre-trial and trial rulings on this issue, was addressed in the opinion of the Eleventh Circuit Court of Appeals affirming the convictions of defendant and various co-defendants. *See United States v. Gutierrez*, 931 F.2d 1482 (11th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 321, 116 L.Ed.2d 262 (1991).

Pre-trial motions for disclosure of the confidential informant's identity, including a motion filed by defendant's counsel, were denied. At trial, counsel for co-defendant Rendon renewed his motion for production of the informant or disclosure of his true identity. After considering this request, and hearing evidence *in camera* regarding the government's interest in withholding the informant's identity, the trial court stated that the only defendant who might have "some arguable need for the informant's testimony" was Rendon. The Government, at the court's direction, tried to locate the informant over the weekend recess but was unsuccessful. The trial court found that the Government had made reasonable efforts to locate the informant. *Gutierrez,* 931 F.2d at 1487–1492.

Counsel for defendant filed one pre-trial motion for disclosure of the confidential informant which was denied. Defendant has failed to articulate what else a reasonably competent criminal practitioner should have done to obtain this information. That counsel was unsuccessful does not, of itself, demonstrate constitutionally deficient performance under the *Strickland* standard.[3] Nor has defendant shown the likely result of counsel's alleged deficiency. Even if counsel had succeeded in obtaining the informant's identity and testimony, defendant has failed to demonstrate, by specific, articulable facts, that the outcome of trial would likely have been different if the informant had testified at trial.

C. Lastly, defendant states that counsel prevented him from establishing a valid entrapment defense.

Defendant suggests that counsel should have moved to dismiss the indictment on the grounds of outrageous Government conduct in directing the reverse sting operation.[4] *See United States v. Russell,* 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973).

Defendant argues that the Government's conduct was outrageous because the government utilized an informant to ensnare and implicate defendant in the offense and then suppressed evidence favorable to the defense by hiding the informant at trial.

The informant's degree of involvement has already been addressed. Any suggestion that the Government "hid" the informant at trial is refuted by the Eleventh Circuit's finding that the Government made reasonable efforts to locate the informant once directed to do so by the trial judge. *Gutierrez,* 931 F.2d at 1492. Therefore, defendant's claim that counsel was ineffective in failing to file a motion to dismiss the indictment fails under both the "performance" and "prejudice" prongs of the *Strickland* test.

Defendant also contends that he had a viable entrapment defense which counsel failed to develop. However, defendant has failed to allege specific facts which would show that he had a viable entrapment defense or that the outcome of trial would likely have been different if an entrapment defense had been presented.

### Conclusion

Defendant has failed to establish his right to relief under Title 28, United States Code, Section 2255 on the issues presented. It is therefore recommended that:

---

3. The Eleventh Circuit found, among other things, that: (1) the informant was always with the undercover agent during negotiations with the defendants, except for a few instances; and (2) that the Government established that the informant had been threatened by and on behalf of other defendants in the case. *Gutierrez,* 931 F.2d at 1491.

4. The undercover agents provided a sailboat with concealed compartments to transport 673 kilos of cocaine from Columbia to Florida pursuant to an agreement with defendant and his co-defendants.

**1068**

(1) the Motion to Vacate filed by defendant Manuel Palma–Rodriguez be DENIED.

Dated: March 15th, 1993.